JUDGE CEDARBAUM

07 CV 4427

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

      v.                                07-CV-

BARCLAYS BANK PLC and
STEVEN J. LANDZBERG,

                Defendants.

---

## CONSENT OF DEFENDANT
## BARCLAYS BANK PLC

1. Defendant Barclays Bank PLC ("Defendant") waives service of a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment as to Defendant Barclays Bank PLC in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and SEC Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

1

(b) orders Defendant to pay disgorgement in the amount of $3,971,736, plus prejudgment interest thereon in the amount of $971,825;

(c) orders Defendant to pay a civil penalty in the amount of $6,000,000 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

3. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the United States Securities and Exchange Commission (the "Commission") or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5(e). In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

4

14. Defendant agrees that the Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

BARCLAYS BANK PLC

By: _____

Name  RICHARD T. RICCI

Title  CHIEF OPERATING OFFICER
       INVESTMENT BANKING + INVESTMENT MANAGEMENT

Date   9 MAY 07

Approved as to form:

_____
Robert Knuts
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6321

Attorney for Defendant

# ALLEN & OVERY

**VIA OVERNIGHT FEDERAL EXPRESS**

Daniel J. Juceam
United States Securities and Exchange Commission
Division of Enforcement
100 F Street, N.W.
Washington, D.C. 20549

Allen & Overy LLP
1221 Avenue of the Americas
New York  NY  10020

| | |
|---|---|
| Tel | 212 610 6300 |
| Fax | 212 610 6399 |
| Direct line | (212) 610-6321 |
| Personal fax | (212) 610-6933 |

robert.knuts@newyork.allenovery.com

Our ref            RRK/12018-01363 NY:2273539.1

May 18, 2007

Re:     In the Matter of Barclays Bank PLC (File No. HO-09929)

Dear Mr. Juceam:

Enclosed is the original executed Secretary's Certificate concerning the resolution adopted by the Resolutions Committee of the Board of Directors of Barclays Bank PLC that authorized the execution of the Consent by Richard Ricci.

On behalf of Barclays Bank PLC, we hereby represent that the Board of Directors of Barclays Bank PLC has delegated appropriate authority to the Resolutions Committee of the Board of Directors such that the Resolutions Committee possesses the necessary authority to adopt the resolution that is the subject of the enclosed Secretary's Certificate.

If you need any further information concerning the Secretary's Certificate or the referenced resolution, please call me.

Yours truly,

Robert Knuts

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Law Society of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AO and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

## BARCLAYS BANK PLC
## SECRETARY'S CERTIFICATE

I, Clare Carson, hold the title of Assistant Secretary of Barclays Bank PLC ("Barclays"), a public limited company organised under the laws of England & Wales. When a resolution is adopted by the Resolutions Committee of Barclays ("the Committee"), I am authorised to certify that the Committee has adopted such resolution. I certify that the following Resolution was duly adopted by the Committee on the 9th day of May 2007.

IT WAS RESOLVED THAT Rich Ricci, COO Investment Banking and Investment Management, be and hereby is authorised on behalf of Barclays Bank PLC, in connection with a civil action to be filed by the United States Securities and Exchange Commission ("Commission") against Barclays Bank PLC and Steven J. Landzberg in United States District Court for the Southern District of New York ("the Court"), to execute any and all documents necessary for Barclays to appear and admit the subject matter and *in personam* jurisdiction of the Court, and to consent to entry of a Final Judgment against Barclays, without admitting or denying the allegations in the Commission's Complaint.

_____
Clare Carson
Assistant Secretary
17 May 2007